# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

Edelbrock, LLC,

      Plaintiff,

vs.

Whipple Industries, Inc. d/b/a Whipple Superchargers,

      Defendant.

Case No: 1:19-cv-01502-DAD-EPG

**STIPULATED PROTECTIVE ORDER**

The parties hereby stipulate and request that the Court enter a protective order under Fed. R. Civ. P. 26(c) as follows:

1. As used in this Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to Paragraphs 2-3;

"Attorney's Eyes Only" documents are the subset of "Confidential" Discovery Material (as defined below) designated pursuant to Paragraph 6;

"Discovery Material" shall include all materials within the scope of Fed. R. Civ. P. 34, interrogatory responses, other discovery responses, or transcripts;

"Written Assurance" means an executed document in the form attached as Exhibit A;

2. Any party to this action may designate Discovery Material as "Confidential" so long as the Discovery Material to be designated contains proprietary information, technical information, trade secrets, or competitive information.

3. A designating party shall designate documents "Confidential" by marking each page thereof with the word "CONFIDENTIAL." A designating party shall designate its electronic data as "Confidential" by affixing a stamp with the words "CONFIDENTIAL" on the medium (including, but not limited to, tapes and CDs) on which the electronic data is stored before copies are delivered to the receiving party.

4. Except with the prior written consent of the designating party or upon Order of the Court, access to any Discovery Material that has been designated "Confidential" shall be limited to the below-listed persons ("Qualified Persons"):

    a. the Court and its officers;

    b. Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

    c. persons shown on the face of the document to have authored or received it;

    d. court reporters retained to transcribe testimony;

    e. a party's officers, directors, and employees directly involved in this case whose access to the information is reasonably necessary to supervise, manage, or participate in this case; and

    f. outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are expressly retained to assist Attorneys in the prosecution, defense, settlement or other disposition of this action, to furnish technical or expert services in connection with this action or to give testimony in this action.

5. The parties shall have the right to further designate Discovery Material or portions of Discovery Material as "Attorney's Eyes Only." Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), and (f).

6. A designating party shall designate documents "Attorney's Eyes Only" by marking each page thereof with the phrase "ATTORNEY'S EYES ONLY" or acronym "AEO". A designating party shall designate its electronic data as "Attorney's Eyes Only" by affixing a stamp with the phrase "ATTORNEY'S EYES ONLY" or acronym "AEO" on the medium (including, but not limited to, tapes and CDs) on which the electronic data is stored before copies are delivered to the receiving party.

7. All Confidential and Attorney's Eyes Only Discovery Material, along with the information contained therein, shall be used solely for purposes of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4 and as provided for in Paragraph 5. Prohibited purposes include, but are not limited to, use for competitive purposes.

8. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Attorney's Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Attorney's Eyes Only" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Attorney's Eyes Only" pursuant to the terms of the Protective Order to the extent such third-party productions contain information of the designating party.

9. Each person designated under Paragraph 4(f) to receive "Confidential" or "Attorney's Eyes Only" information shall execute a "Written Assurance" in the form attached as Exhibit A. Prior to disclosing any "Confidential" or "Attorney's Eyes Only" material to any Qualified Person designated under Paragraph 4(f), counsel for the Party making the disclosure shall: (i) ensure that a

copy of this Protective Order has been provided to such Qualified Person; and (ii) obtain from such Qualified Person a signed Written Assurance, which Written Assurance shall be retained by the Party disclosing the Confidential Material. Opposing counsel shall be notified at least seven days prior to disclosure to any person within the meaning of Paragraph 4(f). If a party objects in writing to such disclosure within five days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

10. All depositions or portions of depositions taken in this action that may be designated "Confidential" or "Attorney's Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Attorney's Eyes Only" Discovery Material. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "Attorney's Eyes Only" during the 14-day period following receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that encompasses Attorney's Eyes Only or Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

11. Any party who inadvertently fails to identify documents as "Confidential" or "Attorney's Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

12. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned or destroyed. The receiving party shall

return or destroy such inadvertently produced documents, including all copies, within fourteen (14) days of receiving such a written request. The party returning or destroying such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law. Furthermore, pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver of any privilege applicable to those documents, including the attorney-client privilege, attorney work product, or any other privilege or protection recognized by law. In addition, the reasonableness requirement of Rule 502(b) is "presumed satisfied."

13. Any party may request a change in the designation of any information designated "Confidential" or "Attorney's Eyes Only." If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Attorney's Eyes Only" in the action may be affected. The party asserting that the material is Confidential or Attorney's Eyes Only shall have the burden of proving that the information in question is within the scope of protection afforded by this Protective Order. Pending the Court's determination, the Discovery Material at issue shall continue to be treated as "Confidential" or "Attorney's Eyes Only" as originally designated.

14. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "Confidential" or "Attorney's Eyes Only" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal and comply with Local Rule 141.

15. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as

"Confidential" and "Attorney's Eyes Only" and all copies of such documents, and shall destroy all extracts or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, all deposition transcripts and deposition exhibits, expert reports, attorney work product, and all correspondence generated in connection with this action.

16. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

18. The obligations imposed by the Protective Order shall survive the termination of this action.

19. In the event that any Party subject to this Protective Order receives a subpoena, discovery request outside of this action, or other process or order (each, a "Request") seeking the production of "Confidential" or "Attorney's Eyes Only" Discovery Material belonging to a Party other than the Party receiving the Request, the recipient of the Request (the "Requested Party") shall promptly: (i) advise the person issuing the Request that the Discovery Material being requested is subject to this Protective Order; and (ii) notify counsel for the designating party in writing of such Request within 48 hours of receiving the Request and furnish them with copies of the Request and any other documents served in connection therewith. The designating party shall have at least five (10) business days from receiving a copy of the Request to file a motion to quash or otherwise object to the Request. If production of Discovery Material is required prior to the expiration of this ten-day period, the Requested Party shall move for a protective order (or other like relief) on the grounds that

the requested material has been designated as "Confidential" or "Attorney's Eyes Only" pursuant to this Protective Order.

Dated: February 26, 2020      **SIERRA IP LAW, PC**
                                            **FREDRIKSON & BYRON, P.A.**

                                            */s/ Mark D. Miller*
                                            Mark D. Miller (SBN 116349)
                                            William K. Nelson (SBN 279450)

                                            Kurt J. Niederluecke (Pro Hac Vice)
                                            Grant D. Fairbairn (Pro Hac Vice)

                                            *Attorneys for Plaintiff Edelbrock, LLC*

Dated: February 26, 2020      **LOCKE LORD LLP**

                                            */s/ Nasar Khan*
                                            Nasar Khan (SBN 318327)
                                            Scott D. Wofsy (Pro Hac Vice)
                                            Christopher J. Capelli (Pro Hac Vice)
                                            H. Straat Tenney (Pro Hac Vice)

                                            *Attorneys for Defendant and Counterclaim Plaintiff Whipple Industries, Inc. dba Whipple Superchargers*

**ORDER**

Pursuant to the stipulation of the parties (ECF No. 26), and as set forth above,

IT IS SO ORDERED.

Dated: **February 26, 2020**  /s/ *Erin P. Grojean*
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____ , county of _____ , state of _____ ;

I am currently employed by _____ located at _____ and my current job title is _____ .

I have read and understand the terms of the Protective Order in Case Number: Case No: 1:19-cv-01502-DAD-EPG pending in the United States District Court for the Eastern District of California, and I understand that access to information designated as "Confidential" or "Attorney's Eyes Only" may be provided to me and that such access is pursuant to the Protective Order's terms, conditions, and restrictions. I agree to comply with and be bound by the provisions of the Protective Order.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Attorney's Eyes Only" obtained pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this lawsuit and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this arbitration, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Attorney's Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I declare under penalty of perjury that the foregoing is true and correct.

_____       _____
Date                                                                    Signature

_____
Printed Name