# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDELBROCK, LLC,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>WHIPPLE INDUSTRIES, INC., doing business as Whipple Superchargers,<br>　　　　Defendant.<br>_____/ | Case No.  1:19-cv-01502 DAD EPG<br><br>ORDER re CONTINUED SETTLEMENT CONFERENCE<br><br>(Doc. 32) |

　　　　Pursuant to the parties' stipulated request, (Doc. 32), the Settlement Conference in this case is **CONTINUED to July 21, 2020 at 10:30 A.M.** before Magistrate Judge Sheila K. Oberto at the U.S. District Court, 2500 Tulare Street, Fresno, California, 93721.

　　　　The basis for the parties' request to continue the settlement conference is that "the parties desire to appear in person at the settlement conference which will not be possible on May 14, 2020" due to the coronavirus (COVID-19) outbreak and the resulting courthouse restrictions, *see* General Orders Nos. 612–617.  (Doc. 32 at 2.)  The parties acknowledge that the settlement conference may be conducted by telephone or videoconference in light of the current courthouse restrictions, (*see id.*), but they nonetheless desire to appear in person.  The Court finds good cause to continue the settlement conference at the parties' request and issues the standard settlement conference order including the in-person attendance requirement.[1]

---

[1] The Court will revisit the in-person requirement closer to the date of the settlement conference and reserves the right to modify the requirement depending upon the courthouse restrictions, if any, in place as of July 21, 2020. The parties are advised that while the courthouse restrictions pursuant to General Order No. 617 are in place, telephonic and videoconference settlement conferences are available.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Accordingly, IT IS HEREBY ORDERED that:

### 1. Pre-settlement Conference Exchange of Demand and Offer

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, at least **28 days** prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to each defense counsel with a brief summary of the legal and factual basis supporting the demand. No later than **21 days** prior to the settlement conference, each defense counsel shall submit a written offer to plaintiff's counsel with a brief summary of the legal and factual basis supporting the offer.

### 2. Submission and Content of Confidential Settlement Conference Statements

The parties are to send Confidential Settlement Conference Statements (Settlement Statement) to the following email address: SKOorders@caed.uscourts.gov, to arrive no later than **14 days** before the conference. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Each party shall also file a Notice of Submission of Confidential Settlement Conference Statement (*See* L.R. 270 (d)).

If the Settlement Conference is continued for any reason, each party must submit a new Settlement Statement that is complete in itself, without reference to any prior Settlement Statements.

Each Settlement Statement *shall include the following*:

    a. A brief summary of the core facts, allegations, and defenses, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute.

    b. A summary of the proceedings to date.

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

|  |  |  |
|---|---|---|
| d. | The nature of the relief sought. |
| e. | An outline of past settlement efforts including information regarding the "Pre-settlement Conference Exchange of Demand and Offer" required above—*including the itemization of damages*—and a history of past settlement discussions, offers, and demands. |
| f. | A statement of each party's expectations and goals for the Settlement Conference. |

### 3. Attendance of Trial Counsel and Parties Required

*The attorneys who will try the case and parties with full and complete settlement authority are required to personally attend the conference.*[2]  An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has *full authority to negotiate and settle the case.*  An uninsured corporate party shall appear by a representative authorized to negotiate, and who has *full authority to negotiate and settle the case.*  It is difficult for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective toward settlement.  Accordingly, having a client with authority available by telephone is *not* an acceptable alternative, except under the most extenuating circumstances.[3]

The Court expects both the lawyers and the party representatives to be fully prepared to participate.  The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

### 4. Issues to Be Discussed

The parties *shall* be prepared to discuss the following at the settlement conference:

|  |  |
|---|---|
| a. | Goals in the litigation and problems they would like to address in the settlement conference and understanding of the opposing side's goals. |
| b. | The issues (in and outside the lawsuit) that need to be resolved. |
| c. | The strengths and weaknesses of their case. |

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.

[3] Out of town or out of state travel and the purchase of an airplane ticket are not extenuating circumstances.

3

d.  Their understanding of the opposing side's view of the case.

e.  Their points of agreement and disagreement (factual and legal).

f.  Any financial, emotional, and/or legal impediments to settlement.

g.  Whether settlement or further litigation better enables the accomplishment of their respective goals.

h.  Any possibilities for a creative resolution of the dispute.

**5.  Statements Inadmissible**

The parties are expected to address each other with courtesy and respect, and are encouraged to be frank and open in their discussions.  Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

**6   Pre-Settlement Telephonic Conference**

Prior to the Settlement Conference, Magistrate Judge Oberto will hold a brief, telephonic discussion on July 14, 2020, at 4:00 PM (dial-in number: 1-888-557-8511; passcode: 6208204#). Only attorneys and unrepresented parties are required to participate in the conference.

IT IS SO ORDERED.

Dated:   **May 1, 2020**                                  /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

4