1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDELBROCK, LLC,                          No.  19-cv-01502-DAD-EPG

12                  Plaintiff,

13         v.                                  ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS
14    WHIPPLE INDUSTRIES, INC.,
                                               (Doc. No. 62)
15                  Defendant.

16

17         Plaintiff Edelbrock, LLC filed this action against defendant Whipple Industries, Inc.,

18    doing business as Whipple Superchargers, alleging infringement of United States Patent No.

19    9,683,481 (the "'481 Patent"), pursuant to the United States Patent Act, 35 U.S.C. § 1 *et seq.*

20    (Doc. No. 1.)

21         The matter was referred to the assigned magistrate judge for purposes of holding a claim

22    construction hearing and for the issuance of findings and recommendation with respect to how the

23    disputed claims should be construed. On February 1, 2021, the magistrate judge issued findings

24    and recommendations addressing the parties' competing claim construction briefs and their

25    arguments made at hearing.  (Doc. No. 62.)  The pending findings and recommendations were

26    served on the parties and contained notice that any objections thereto were to be filed within

27    fourteen (14) days after service.  (*Id*. at 25.)  On February 12, 2021, defendant filed objections to

28    the findings and recommendations.  (Doc. No. 63.)  On February 26, 2021, plaintiff filed a

1  response to defendant's objections.  (Doc. No. 64.)

2        The main dispute remaining between the parties concerns whether "an inlet and an outlet

3  of the heat exchange fluid medium" should be constructed as "a fluid medium inlet and outlet of

4  the heat exchanger" or "an inlet and outlet of the supercharger housing."  (Doc. No. 62 at 10.)

5  Defendant's objections to the findings and recommendations argue that the representations by

6  plaintiff's counsel, both on reexamination and during the claim construction hearing held on

7  October 15, 2020, support defendant's contention that "an inlet and outlet of the heat exchange

8  fluid medium" means "an inlet and outlet of the supercharger housing."  (Doc. No. 63 at 6–10.)

9  Defendant argues that plaintiff conceded at the hearing that the only dispute remaining between

10  the parties is over whether to include the term "housing."  (*Id*.)  Plaintiff argues in response that

11  defendant is mistaken and has misconstrued the arguments made during reexamination and at the

12  hearing, which plaintiff asserts are fully consistent with its claim that the disputed term should be

13  constructed as "a fluid medium inlet and outlet of the heat exchanger."  (Doc. No. 64 at 15.)

14        The court has reviewed defendant's arguments and references to the October 15, 2020

15  hearing and finds that defendant has failed to fully contextualize the comments cited in its

16  objections to the pending findings and recommendations.  Comments made by the magistrate

17  judge at the claim construction hearing clearly show that the parties had *not* arrived at a point

18  where the only dispute remaining was whether or not the term at issue means "an inlet and outlet

19  of the supercharger housing" or a curtailed version without the word "housing."  (*Id*. at 10.)  For

20  example, the magistrate judge expressly asked at the October 15, 2020 hearing, "we're trying to

21  figure out, when it says 'where an inlet and an outlet of the heat exchange fluid medium,' does

22  that refer to the inlet and outlet of the medium to the supercharger, to the intercooler or to both?"

23  (Doc. No. 63-1 at 48.)[1]  Later, the magistrate judge again stated in response to defendant

24  counsel's arguments that "this italicized is under the part talking about the intercooler, not the

25  housing.  The housing is a separate thing."  (*Id*. at 60) (pointing out that the term at issue falls

26  under the patent claim dealing with the intercooler, not the supercharger housing).  Moreover,

---

[1]  "[T]he use of the term 'intercooler' in the relevant prosecution history appears to also refer to
28  the 'heat exchanger.'"  (Doc. No. 62 at 24.)

defendant does not address Figure 6 of the patent at all in its objections or explain why the court should reject the magistrate judge's findings with regard to that Figure, namely that it supports plaintiff's argument because it "refers to fluid medium inlets 56a and 56b and outlet 58 in the context of the heat exchanger."  (Doc. No. 62 at 21.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1.  The findings and recommendations issued on February 1, 2021 (Doc. No. 62) are adopted;

2.  The following terms set forth in claims 1 and 17 of the '481 Patent are construed pursuant to the agreement of the parties (Doc. No. 40):

    a.   "an/the intercooler" is construed as "a/the cooling device;"

    b.   "a single heat exchanger" is construed as "one heat exchanger;"

    c.   "on a same side of the dual pass intercooled supercharger" is construed as "on a front side of the dual pass intercooled supercharger;"

3.  The term "overlap" set forth in claim 1 of the '481 Patent is construed to mean "to extend over so as to cover partly" pursuant to the parties' agreement at the claim construction hearing;

4.  The terms "a first portion of a heat exchange surface of the heat exchanger" and "a second portion of the heat exchange surface" set forth in claim 1 of the '481 Patent and the term "from an inlet to an outlet across the heat exchanger" set forth in claims 1 and 17 of the '481 Patent do not require construction and are given their ordinary meaning;

5.  The term "an inlet and an outlet of the heat exchange fluid medium" is construed as "a fluid medium inlet and outlet of the heat exchanger;" and

/////

/////

3

6. The parties are directed to submit a joint status report regarding the further scheduling of this case to the assigned magistrate judge within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.

Dated:   **March 19, 2021**

_____
UNITED STATES DISTRICT JUDGE

4